LINH T. HUA (SBN: 247419)
lhua@grsm.com
WANJA S. GUY (SBN: 275734)
lhua@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 270-7851
Facsimile: (213) 680-4470

Attorneys for Defendant
WESTROCK SERVICES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOWRY MCCRAY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WESTROCK SERVICES, LLC, a California limited liability company; and Does 1 through 30, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT WESTROCK SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 1441 (A) AND (B) (DIVERSITY)**<br><br>Complaint filed: 11/19/2021 |

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Westrock Services, LLC ("Defendant"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(a) and (b) to remove this action from the Superior Court of California for the County of Los Angeles ("Los Angeles County Superior Court") based on diversity jurisdiction. In support thereof, Defendant avers the following:

**I.  THE COMPLAINT AND TIMELINESS OF REMOVAL**

On November 19, 2021, Plaintiff Lowry McCray ("Plaintiff"), by and

-1-
DEFENDANT WESTROCK SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

through his attorney, filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled *Lowry McCray, an individual v. WESTROCK SERVICES, LLC, a California limited liability company, et al.*, Case No. 21STCV42782 (the "Complaint"). A copy of the Summons and Complaint with the Proof of Service and Civil Case Cover Sheet and Addendum, and Notice of Case Management Conference with Certificate of Mailing, comprising all copies of process, pleadings, and orders served in the state court action are attached as Exhibit A to the Declaration of Wanja S. Guy ("Guy Decl."). To the knowledge of Defendant, no other defendants have been either named or served in the instant action. (Guy Decl. ¶3.)

Defendant was served with the Summons and Complaint on or about November 22, 2021. (*See* Guy Decl., ¶4.) This Notice is timely because it is filed within thirty days after Defendant was served with a copy of the Complaint, as is required by 28 U.S.C. § 1446(b). See *Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. section 1446(b).

The Summons and Complaint comprise all copies of process, pleadings, and orders served in the state court action and are being filed with this notice as required by 28 U.S.C. § 1446(a).

///

///

## II. DIVERSITY JURISDICTION EXISTS

The basis for removal of this case from the Los Angeles Superior Court is that this Court has original jurisdiction of this action under 28 U.S.C. §1332 and this case is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists.

### 1. **Plaintiff is a Citizen of the State of California**

Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California.

Plaintiff identifies himself as an individual in the caption of his Complaint. He alleges "at all times mentioned in this Complaint, [he] was a resident of the State of California, County of Los Angeles." (Complaint, 3:2-3, Exhibit A to Guy Decl.) A natural person is a citizen in the state of his domicile, which is generally identified though "a compound of physical presence plus an intention to make a certain definite place one's permanent abode." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Further, Plaintiff states that he was employed by Defendant in the County of Los Angeles. (Complaint, 3:3-4, 3:13-18; Exhibit A to Guy Decl.) A place of employment or business can also be used to determine citizenship of a particular state. See *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.

DEFENDANT WESTROCK SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

1986) ("[D]etermination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes"). Based on the information asserted by Plaintiff in his complaint, Plaintiff is a citizen of the State of California.

2. **Defendant is a citizen of the states of Delaware and Georgia**

Defendant is a limited liability company ("LLC"). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). All of the membership interests in Defendant are held by a single corporation, WRKCo Inc. (See Declaration of Jeff Yost ("Yost Decl.") ¶ 4.) A corporate defendant, like WRKCo Inc. ("WRKCo") is a citizen of any state in which it is incorporated and the state where it maintains its principal place of business pursuant to 28 U.S.C. section 1332(c)(1). At the time the Complaint was filed in state court, and presently at the time of removal, WRKCo is incorporated in another state. WRKCo is a Delaware corporation. (Yost Decl. ¶ 4.) The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A corporate defendant can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporate defendant's "nerve center" is located, courts will look to the center of overall direction, control and coordination of the company and will no longer weigh corporate functions, assets or revenues in each state. *Id*. At the time Plaintiff filed her Complaint, as well as at the present time, WRKCo's corporate headquarters is located in Georgia where its high-level officers direct, control, and coordinate its activities in Georgia. Accordingly, because the sole member of

Defendant is a citizen of Delaware and Georgia for purposes of diversity, Defendant is also a citizen of Delaware and Georgia for diversity purposes. (Yost Decl. ¶ 4.)

### 3. **Doe Defendants**

Plaintiff has listed Doe Defendants in his Complaint. However, Defendant is not aware of any Doe Defendant having been served with a copy of the Summons and Complaint. Moreover, the citizenship of Doe Defendant is disregarded for purpose of removal. 28 U.S.C. § 1441(a). Thus, there is complete diversity between the parties in this case and this Court has traditional diversity jurisdiction over this action.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

In the Complaint, Plaintiff asserts eleven causes of action against Defendant for: (1) Disability Discrimination, (2) Failure To Engage In The Interactive Process, (3) Failure To Provide Reasonable Accommodations, (4) Retaliation, (5) Race Discrimination & Harassment, (6) Age Discrimination, (7) Failure To Prevent Discrimination/Retaliation, (8) Wrongful Termination In Violation Of Public Policy, (9) Failure To Reimburse Business Expenses, (10) Failure To Pay Vested Vacation Wages, And (11) Failure To Timely Pay Wages. Based on the alleged causes of action, Plaintiff prays for general damages, including anxiety and emotional distress, special damages, including lost income, benefits, career opportunities, and unpaid vested vacation wages, compensatory damages, penalties, prejudgment and post-judgment interest, reasonable attorney's fees and costs, for reimbursement, and punitive damages. (See Complaint 26:23-28; 27:1-11, Exhibit A to Guy Decl.)

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the potential claim exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996);

*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

The amount in controversy includes general and special compensatory damages and attorney's fees that are recoverable by statute such as the California Fair Employment and Housing Act ("FEHA") (Government Code §§12940 et seq.) which are at issue in this case. (See Complaint 9:8-10, 11:3-4. 12:25-26, 15:1-2, 17:1-2, 19:23-24, Exhibit A to Guy Decl.) *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155-56 (9th Cir. 1998) (if attorney fees are recoverable by plaintiff (by statute or contract), the fee claim is included in determining the amount in controversy, regardless whether the fee award is mandatory or discretionary) and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. See e.g., *Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a

1 basis for determining the jurisdictional amount in controversy. See *Galt G/S*,
2 *supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time
3 of removal. *Simmons*, 209 F.Supp.2d at 1035. At a conservative rate of $250 per
4 hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours.
5 *Tiffany v. O'Reilly Auto. Stores*, *Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S.
6 Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees
7 using rate of $250 per hour). Indeed, Plaintiff's attorneys' fees alone will exceed
8 $75,000 if the case proceeds to trial since the Plaintiff is represented by counsel in
9 this case.

10 In our case, Plaintiff alleges that the Defendant unlawfully terminated him
11 from his job after he worked at WestRock for 27 years, most recently as a
12 Distribution Specialist Coordinator. (See Complaint, 4:11-14, Exhibit A to Guy
13 Decl.) Plaintiff alleges this termination caused "financial losses," including, "lost
14 income, employment and career opportunities," anxiety and emotional distress, and
15 punitive, and attorney fees. (See Complaint 8:22-28; 9:3-15, Exhibit A to Guy
16 Decl.) Prior to his separation on July 15, 2021, Plaintiff's pay records show that as
17 a salaried non-exempt employee, Plaintiff had a yearly salary of $69,162.63 and
18 earned overtime pay. (See Declaration of Debbie Buchanan ("Buchanan Decl.") ¶
19 4.) Plaintiff also earned other wages and benefits, including 401(k), dental benefits,
20 and medical benefits. *Id*. In 2019, the last full year that Plaintiff worked, Plaintiff's
21 gross income was $100,496.26. *Id*. Plaintiff's gross income for 2020, during which
22 he only worked eight months, was $66,958.44. *Id*.

23 Plaintiff alleges he was separated on June 3, 2021. (See Complaint 3:3-4,
24 Exhibit A to Guy Decl.) Based on his gross income for 2020, six months of loss
25 income is approximately $50,218.83. It is anticipated that trial of this matter will
26 not occur until at least the end of 2022. Thus, 18 months of lost wages is
27 approximately $150,656.49. Further, Plaintiff alleges that Defendant is liable for
28 thirty days of wages in civil penalties for unpaid vested vacation pay under

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

California Labor Code section 203, a penalty <u>of $8,369.80 together with interest, attorney's fees and costs</u> under California Labor Code sections 218.5 and 218.6. (See Complaint 24:22-24, 26:14-16, Exhibit A to Guy Decl.) When considering the other damages alleged as outlined herein, in addition to the lost wages and attorney's fees under FEHA, the amount in controversy is easily satisfied.

Moreover, by filing the Complaint in the Los Angeles Superior Court's unlimited jurisdiction arm, Plaintiff concedes that he seeks at least $25,000 in damages because the jurisdictional limit for unlimited civil cases in California is $25,000. California Code of Civil Procedure §§86, 88.

In addition, the Complaint itself concedes that Plaintiff seeks significant amount of damages, such as general damages, including anxiety and emotional distress, special damages, including lost income, benefits, career opportunities, and unpaid vested vacation wages, compensatory damages, penalties, prejudgment and post-judgment interest, reasonable attorney's fees and costs, for reimbursement, and punitive damages. (See Complaint 26:23-28; 27:1-11, Exhibit A to Guy Decl.)

Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (1963) 325 F.2d 785, 787. See also *Aucina v. Amoco Oil Co.* (1994) 871 F. Supp. 332, 334. Plaintiff seeks punitive damages. (See Complaint 27:4 Exhibit A to Guy Decl.)

Taken together, Plaintiff's potential recovery for lost wages, benefits, emotional distress damages, punitive damages and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

### IV. DIVERSITY JURISDICTION IS SATISFIED

This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. sections 1332, 1441, *et seq.* and 1446(b), because the

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

action is between citizens of different states and, based on the facts and contentions set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. The notice of removal was filed within thirty (30) days of July 8, 2021, which is the date of service. Thus, this Notice of Removal is therefore filed within the time period provided by 28 U.S.C. section 1446(b).

## V. NO OTHER DEFENDANTS

There are no other Defendants that have been named or served in this action, thus there are no other Defendants to join in this Notice of Removal. (Guy Decl., ¶4.)

## VI. SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT

Defendant will promptly give Plaintiff written notice of filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles, where the action is currently pending, as required by 28 U.S.C. §1446(d). (Guy Decl., ¶5.)

WHEREFORE, Defendant, in conformance with the requirements set forth in 28 U.S.C. §1446 files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the District Court of the United States, Central District of California – Western Division, a copy of which will be served upon Plaintiff.

Respectfully submitted,

Dated: December 22, 2021    GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Linh T. Hua*
Linh T. Hua
Wanja S. Guy
Attorneys for Defendant
WESTROCK SERVICES, LLC

-9-
DEFENDANT WESTROCK SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT