1   LINH T. HUA  (SBN:  247419)
    lhua@grsm.com
2   WANJA S. GUY  (SBN:  275734)
    lhua@grsm.com
3   GORDON REES SCULLY MANSUKHANI, LLP
    633 West Fifth Street, 52nd floor
4   Los Angeles, CA 90071
    Telephone:  (213) 270-7851
5   Facsimile:  (213) 680-4470

6   Attorneys for Defendant
    WESTROCK SERVICES, LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  LOWRY MCCRAY, an individual          ) CASE NO.
                                         )
12                        Plaintiff,     ) **DECLARATION OF WANJA S.**
                                         ) **GUY IN SUPPORT OF**
13        vs.                            ) **DEFENDANT WESTROCK**
                                         ) **SERVICES, LLC'S NOTICE OF**
14  WESTROCK SERVICES, LLC, a            ) **REMOVAL OF ACTION TO THE**
    California limited liability company; and ) **UNITED STATES DISTRICT**
15  Does 1 through 30, inclusive,        ) **COURT OF CALIFORNIA**
                                         ) **PURSUANT TO 28 U.S.C. §§ 1332**
16                        Defendants.    ) **1441 (a) and (b) (DIVERSITY)**
                                         )
17                                       )
                                         )
18  _____ ) Complaint filed: 11/19/2021

19

20        I, Wanja S. Guy, hereby declare as follows:

21        1.      I am an associate with the law firm of Gordon Rees Scully

22  Mansukhani LLP, counsel for Defendant, WestRock Services, Inc.'s

23  ("WestRock"). I submit this declaration in support of Westrock Services, LLC's

24  Notice of Removal to the United States District Court for the Central District of

25  California.

26        2.      This declaration is based on my personal knowledge, unless where

27  otherwise stated, and on my review of the documents and files in this case.

28
                                    -1-
    DECLARATION OF WANJA S. GUY IN SUPPORT OF DEFENDANT
    WESTROCK SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO
             THE UNITED STATES DISTRICT COURT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

3.      Attached as Exhibit "A" is a true and correct copy of the Summons and Complaint with the Proof of Service, Civil Case Cover Sheet and Addendum, Notice of Case Assignment, Notice of Case Management Conference with certificate of mailing, and Answer comprising all the pleadings, and orders filed in the state court action.

4.      I am informed and believe that a copy of the Summons and Complaint with the Civil Case Cover Sheet and Addendum and Notice of Case Assignment in this case were served on my client on or about November 22, 2021.

5.      Defendant will promptly give Plaintiff written notice of filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles, where the action is currently pending, as required by 28 U.S.C. §1446(d).

I declare under penalty of perjury and under the laws of the United States and California that the foregoing is true and correct to the best of my knowledge and belief. Executed this 22nd day of December, 2021, at Los Angeles, California.

/s/ *Wanja S. Guy*

Wanja S. Guy

DECLARATION OF WANJA S. GUY IN SUPPORT OF DEFENDANT WESTROCK SERVICES, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT

# EXHIBIT A

# EXHIBIT A



**JWG / ALL**
**Transmittal Number: 24103927**
**Date Processed: 11/22/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Patricia Benjamin<br>WestRock<br>1000 Abernathy Rd<br>Ste 125<br>Atlanta, GA 30328-5606 |
| **Electronic copy provided to:** | Robert McIntosh<br>Angela Dotson |

| | |
|---|---|
| **Entity:** | WestRock Services, LLC<br>Entity ID Number  2864200 |
| **Entity Served:** | Westrock Services, LLC |
| **Title of Action:** | Lowry McCray vs. Westrock Services, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV42782 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/22/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Berenji Law Firm, APC<br>310-855-3270 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

21STCV42782

Electronically FILED by Superior Court of California, County of Los Angeles on 11/19/2021 12:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WESTROCK SERVICES, LLC, a California limited liability company; and Does 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LOWRY MCCRAY, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, California 90012 | CASE NUMBER: *(Número del Caso):*<br>**21STCV42782** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shadie L. Berenji; 8383 Wilshire Blvd., Suite 708, Beverly Hills 90211; (310) 855-3270

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | November 19, 2021  11/19/2021 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>**H. Flores-Hernandez** , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WESTROCK SERVICES, LLC, a California limited liability company

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* LLC
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

21STCV42782

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Teresa Beaudet

Electronically FILED by Superior Court of California, County of Los Angeles on 11/19/2021 12:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez,Deputy Clerk

**SHADIE L. BERENJI (SBN 235021)**
**DAVID C. HOPPER (SBN 306281)**
**AMIEL A. AZIZOLLAHI (SBN 335319)**
**BERENJI LAW FIRM, APC**
8383 Wilshire Boulevard, Suite 708
Beverly Hills, California 90211
Telephone: (310) 855-3270
Facsimile: (310) 855-3751
Email: berenji@employeejustice.law
Email: hopper@employeejustice.law
Email: azizollahi@employeejustice.law

Attorneys for Plaintiff,
LOWRY MCCRAY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| LOWRY MCCRAY, an individual, | Case No.    21STCV42782 |
|      Plaintiff, | |
|          v. | **COMPLAINT FOR DAMAGES:** |
| WESTROCK SERVICES, LLC, a California limited liability company; and Does 1 through 30, inclusive, | 1. **DISABILITY DISCRIMINATION;**<br>2. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;**<br>3. **FAILURE TO PROVIDE REASONABLE ACCOMODATIONS;**<br>4. **RETALIATION;** |
|      Defendants. | 5. **RACE DISCRIMINATION & HARASSMENT;**<br>6. **AGE DISCRIMINATION;**<br>7. **FAILURE TO PREVENT DISCRIMINATION/RETALIATION;**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>9. **FAILURE TO REIMBURSE BUSINESS EXPENSES;**<br>10. **FAILURE TO PAY VESTED VACATION WAGES;**<br>11. **FAILURE TO TIMELY PAY WAGES.** |
| | **DEMAND FOR JURY TRIAL** |

1

COMPLAINT FOR DAMAGES

Plaintiff LOWRY MCCRAY ("PLAINTIFF" or "MR. MCCRAY") brings this action against WESTROCK SERVICES, LLC, a California limited liability company, and DOES 1 through 30, (collectively "WESTROCK" or "DEFENDANTS") inclusive, and alleges on knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.      This action is brought pursuant to California statutory and decisional laws. PLAINTIFF alleges that California statutory and decisional laws prohibit the conduct by DEFENDANTS, as alleged herein, and therefore PLAINTIFF is entitled to monetary relief on the basis that DEFENDANTS violated such statutes and decisional laws.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper in this Court by virtue of California statutes and decisional law, and the local rules under the Los Angeles Superior Court.

3.      Venue is proper under California Government Code section 12965, subdivision (b), and California Code of Civil Procedure section 395, in that a substantial part of the events or omissions giving rise to PLAINTIFF's claims occurred in the County of Los Angeles.  At all times mentioned herein, PLAINTIFF resided in the County of Los Angeles and DEFENDANTS maintained a business located in the County of Los Angeles.

4.      The amount in controversy is within the jurisdiction of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Within three years from the date of DEFENDANTS' last adverse employment action and prior to the initiation of this action, MR. MCCRAY exhausted his administrative remedies by filing a complaint against Defendant WESTROCK SERVICES, LLC with the California Department of Fair Employment and Housing ("DFEH"), pursuant to section 12900 *et seq.* of the California Government Code, alleging the acts described in this Complaint for Damages ("Complaint").  The DFEH issued a "Right to Sue" letter to MR. MCCRAY.  All conditions precedent to the institution of this lawsuit have been fulfilled.

///

///

**PARTIES**

6.     Plaintiff LOWRY MCCRAY is an individual, and at all times mentioned in this Complaint, was a resident of the State of California, County of Los Angeles.  MR. MCCRAY was employed by DEFENDANTS from September 15, 1994 to June 3, 2021.

7.     MR. MCCRAY's job duties, at all times relevant herein, included but were not limited to: managing operations; ensuring shipments were made timely; managing inventory; training personnel; assisting with the establishment of new facilities; inspecting shipments; communicating with customers and dealing with customer service issues; choosing effective shipping routes; record keeping and auditing; and, acting as the frontline representative for the west coast operations.

8.     MR. MCCRAY was, at all times material herein, an "employee," as defined by California Government Code section 12926, subdivision (c), part of the Fair Employment and Housing Act, Government Code sections 12900 *et seq.*

9.     PLAINTIFF is informed and believes, and upon such information and belief, alleges that at all times relevant herein Defendant WESTROCK was a shipping, packaging, and logistics company doing business in the State of California, County of Los Angeles.  PLAINTIFF is informed and believes that Defendant WESTROCK is an "employer" as defined by California Government Code sections 12926, subdivision (d), 12940, subdivision (a), and 12940, subdivision (j)(4)(A).

10.    DEFENDANTS Does 1 through 30 are sued under fictitious names pursuant to California Code of Civil Procedure section 474.  PLAINTIFF is informed and believes, and on that basis alleges that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below and in so acting was functioning as the agent, servant, partner, and/or employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

11.    At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant.  In doing the things alleged in the causes of action into which this paragraph is

COMPLAINT FOR DAMAGES

incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

12.     PLAINTIFF alleges on information and belief that Does 1 through 20 were and are corporations or other business entities, which were authorized to and did business in Los Angeles County, California. PLAINTIFF is informed and believes that Does 21 through 30 are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents, or officers of the WESTROCK.

## FACTUAL BACKGROUND

13.     WESTROCK is a shipping, packaging, and logistics company. MR. MCCRAY is a forty-six-year-old African-American man that was hired by WESTROCK on or about September 15, 1994. MR. MCCRAY was working as a Distribution Specialist Coordinator for WESTROCK when he was wrongfully terminated on or about June 3, 2021. Throughout his employment with WESTROCK, MR. MCCRAY met or exceeded its expectations in the performance of his job duties.

14.     During MR. MCCRAY's employment, one of WESTROCK's General Managers, Tad Collister ("Mr. Collister"), informed MR. MCCRAY that he was prohibited from using a men's restroom, which all the other male employees and third-party contractors were permitted to use. Mr. Collister also discriminated against MR. MCCRAY by taking away resources (e.g., printer) that he used to perform his work; yet Mr. Collister permitted other employees to utilize said resources.

15.     On or about June 24, 2020, MR. MCCRAY received a call from one of his customers notifying him that MR. MCCRAY's team missed a shipment. Once MR. MCCRAY investigated the matter, he discovered that Mr. Collister intentionally caused MR. MCCRAY's team to miss the shipment. MR. MCCRAY discovered that Mr. Collister intentionally gave MR. MCCRAY's team incorrect information about the shipment and tried to disguise his attempt to sabotage MR. MCCRAY's work performance by ordering MR. MCCRAY's team members not

1   to share any of his instructions with MR. MCCRAY.  When MR. MCCRAY confronted Mr.

2   Collister about the missed shipment, Mr. Collister initially denied having any knowledge or

3   involvement with the missed shipment.  However, MR. MCCRAY was ultimately able to get Mr.

4   Collister to admit that he intentionally misdirected MR. MCCRAY's team members.  Then, to

5   add insult to injury, Mr. Collister told MR. MCCRAY: "I guess I could have informed you but I

6   didn't, oh well. You have been around too long, everyone knows that you have a good spot here."

7          16.     Immediately after his conversation with Mr. Collister, MR. MCCRAY contacted

8   Hollie McGinis ("Ms. McGinis"), WESTROCK's director and one of MR. MCCRAY's

9   supervisor, and reported the incident with Mr. Collister.  MR. MCCRAY also informed Ms.

    McGinis about all of Mr. Collister's previous discriminatory actions and comments.  Ms.
10
    McGinis told MR. MCCRAY that she was going to report his complaints to WESTROCK's
11
    Human Resources ("HR") department and follow up with him.
12
           17.     Approximately one week later, one of WESTROCK's managers, Mario Parziale
13
    ("Mr. Parziale"), contacted MR. MCCRAY to discuss Mr. Collister's discriminatory behavior.
14
    Once again, MR. MCCRAY described Mr. Collister's discriminatory actions and explained how
15
    Mr. Collister intentionally caused his team to miss a shipment.  At the end of the conversation,
16
    Mr. Parziale informed MR. MCCRAY that WESTROCK's HR manager, Debbie Buchanan
17
    ("Ms. Buchanan"), should be contacting him soon.

18         18.     Over one month after MR. MCCRAY complained about Mr. Collister's

19   discriminatory behavior to two of his direct supervisors, on or about July 28, 2020, Ms. Buchanan

20   contacted MR. MCCRAY by telephone.  For the third time, MR. MCCRAY detailed the

21   discriminatory treatment he was enduring by Mr. Collister and how he attempted to sabotage

22   MR. MCCRAY's work performance when he intentionally caused MR. MCCRAY's team

23   members to miss a shipment for one of his customers.  Once again, the meeting ended with no

24   resolution for MR. MCCRAY, as Ms. Buchanan concluded the conversation by stating she will

25   follow up with him.

26         19.     After another conversation with Ms. Buchanan, wherein MR. MCCRAY gave her

27   detailed information about Mr. Collister's discriminatory conduct, MR. MCCRAY learned that

28   Ms. Buchanan would not investigate his complaints of discrimination.

COMPLAINT FOR DAMAGES

20.     On or about September 15, 2020, MR. MCCRAY went on an approved medical leave for a physical and mental condition that limited his major life activities. During the course of his medical treatment, MR. MCCRAY's doctors provided updates to WESTROCK regarding MR. MCCRAY's medical status.

21.     Following a couple of approved medical leave extensions, MR. MCCRAY's return to work date was scheduled for July 2, 2021. On or about May 28, 2021, MR. MCCRAY submitted his medical return-to-work paperwork to WESTROCK so that he could return to work on July 2, 2021.

22.     After MR. MCCRAY turned in all of his paperwork, WESTROCK did not contact MR. MCCRAY about his request to return to work. After making several attempts to contact WESTROCK, including sending emails and calling, MR. MCCRAY was finally able to reach WESTROCK's HR department by telephone on June 3, 2021. During the call, Ms. Buchanan confirmed that WESTROCK had received his medical return-to-work paperwork and she informed him that WESTROCK had made the decision to discontinue his position and terminate his employment instead of allowing him to return to work. Ms. Buchanan informed him that she was going to send him a severance and release package through Federal Express delivery. Despite the fact that MR. MCCRAY was ready and willing to return to work and had more than twenty-five years of experience working with WESTROCK in various positions, Ms. Buchanan did not discuss any accommodations with MR. MCCRAY, including but not limited to, reassigning MR. MCCRAY to any vacant positions at WESTROCK, in lieu of terminating his employment.

23.     After MR. MCCRAY's telephone call with Ms. Buchanan, and prior to receiving the severance and release package in the middle of July 2021, MR. MCCRAY continued to attempt to return to work at WESTROCK to no avail.

24.     On July 12, 2021, Ms. Buchanan emailed MR. MCCRAY a severance and release package and stated that his official termination date would be July 15th.

25.     Despite MR. MCCRAY's willingness to return to work and the fact that a reasonable accommodation could have been provided to allow MR. MCCRAY to resume

COMPLAINT FOR DAMAGES

working, WESTROCK used a pretextual reason to terminate his employment and retaliate against him for making complaints about discrimination and for taking medical leave.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

### (Against WESTROCK and Does 1 through 30)

26.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

27.     At all times herein mentioned, California Government Code section 12940, *et seq.,* were in full force and effect and binding on the DEFENDANTS.   Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940, *et seq.*, it is an unlawful employment practice for an employer because of the actual or perceived disability of a person to discriminate against the person in the terms, conditions, or privileges of employment.

28.     FEHA defines "physical disability" to include having a record or history of any physiological disease, disorder or condition that affects one or more of the "neurological, immunological, musculoskeletal, special sense organs, respiratory … cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin and endocrine" body systems, and "limits a major life activity."  Gov. Code § 12926, subd. (m)(1), (3).  FEHA also defines "mental disability" to include being regarded, or treated by the employer, as having, or having had, a record or history of any mental or psychological disorder or condition that makes the achievement of a major life activity difficult. Gov. Code § 12926 subd. (j)(1)-(4).

29.     "An employer knows an employee has a disability when the employee tells the employer about his condition, or when the employer otherwise becomes aware of his condition, such as through a third party or observation.  The employer need only know the underlying facts, not the legal significance of those facts." *Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864, 887.

30.     At all times during PLAINTIFF's employment, he had been able to perform the essential functions of his job with or without a reasonable accommodation for his disabilities.

///

31.   During the course of PLAINTIFF's employment with DEFENDANTS, PLAINTIFF suffered from a physiological disease that affected more than one of the body systems enumerated in FEHA and a mental disability that limited his major life activities, including but not limited to his ability to work.  Gov. Code § 12926, subds. (j)(1), (m)(1). PLAINTIFF's disabilities required medical treatment and a medical leave of absence from September 2020 to July 2021.   This qualified PLAINTIFF as a person protected from discrimination on the basis of a disability under the FEHA. Gov. Code § 12926, subds. (j), (*l*)-(m).

32.   DEFENDANTS regarded and treated PLAINTIFF as having a disability after PLAINTIFF provided DEFENDANTS with medical documentation from his physicians regarding his medical condition and status updates regarding his medical leave. Accordingly, at the time that DEFENDANTS made the decision to terminate PLAINTIFF's employment, DEFENDANTS believed that PLAINTIFF had a disability that limited his major life activities, including, but not limited to, working.

33.   PLAINTIFF's actual and/or perceived physical and/or mental disabilities were a substantial motivating factor for the elimination of his position and termination of his employment by DEFENDANTS.   Accordingly, DEFENDANTS unlawfully discriminated against Plaintiff based on his disabilities.

34.   Additionally, DEFENDANTS discriminated against PLAINTIFF by refusing to engage in a timely, good faith, interactive process with PLAINTIFF to determine an effective reasonable accommodation that would permit PLAINTIFF to return to work after his medical leave was complete.

35.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

36.   As proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims

1  such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or

2  any other provision of law providing for prejudgment interest.

3        37.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as

4  alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment,

5  anger, loss of enjoyment of life, humiliation, financial distress, physical harm, and emotional

6  distress, the precise amount of which will be proven at trial.

7        38.    As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has

8  been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

9  continue to incur attorneys' fees and costs in connection therewith.  PLAINTIFF is entitled to

10  recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

11        39.    The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers,

directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

12  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety

13  of  PLAINTIFF.    DEFENDANTS  and  their  agents/employees  or  supervisors,  authorized,

14  condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled

15  to an award of punitive damages against DEFENDANTS.

16                           **SECOND CAUSE OF ACTION**

17            **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

18                  **(Against WESTROCK and Does 1 through 30)**

19        40.    PLAINTIFF re-alleges and incorporates by reference each and every allegation

20  set forth in all the foregoing paragraphs as if fully set forth herein.

21        41.    This cause of action is based upon California Government Code section 12940,

22  subdivisions  (a)  and  (n),  which  prohibits  discrimination  against  an  employee  based  on  the

23  employee's disability and imposes liability for the failure of an employer to engage in a timely,

24  good  faith,  interactive  process  with  the  employee  to  determine  and  provide  a  reasonable

25  accommodation for the employee's disability.

26        42.    PLAINTIFF  was  an  employee  of  DEFENDANTS  who  suffered  from  a

27  physiological disease that affected more than one of the body systems enumerated in FEHA and

28  a mental disability that limited his major life activities, including but not limited to his ability to

9

COMPLAINT FOR DAMAGES

work. This qualified PLAINTIFF as a person experiencing a "disability" protected under FEHA. Gov. Code § 12926, subd. (j)(1), (m)(1).

43.    DEFENDANTS regarded and treated PLAINTIFF as having a disability after PLAINTIFF provided DEFENDANTS with medical documentation from his physicians regarding his medical condition and status updates regarding his medical leave.

44.    As alleged above, PLAINTIFF sought accommodations for his physical and/or mental conditions that limited his ability to work. Reasonable accommodations could have been made to allow PLAINTIFF to continue his employment with DEFENDANTS. These reasonable accommodations could have included, but were not limited to, reassigning PLAINTIFF to a vacant position when he returned from medical leave.

45.    DEFENDANTS failed to participate in an interactive process to determine whether a reasonable accommodation could be made so that PLAINTIFF would be able to return to work, and instead, made the decision to terminate his employment while he was on medical leave. DEFENDANTS never provided PLAINTIFF with any information about, or an offer of reassignment to, jobs that were vacant or could become vacant in the near future to which PLAINTIFF may have been assigned in lieu of being terminated during his medical leave.

46.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

47.    As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

48.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, financial distress, physical harm, and emotional distress, the precise amount of which will be proven at trial.

49.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  PLAINTIFF is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

50.     The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of punitive damages against DEFENDANTS.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMODATIONS

### (Against WESTROCK and Does 1 through 30)

51.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

52.     This cause of action is based upon California Government Code section 12940, subdivisions (a) and (m), which prohibits discrimination against an employee based on the employee's disability and imposes liability for the failure of an employer to engage in a timely, good faith, interactive process with the employee to determine and provide a reasonable accommodation for the employee's disability.

53.     PLAINTIFF was an employee of DEFENDANTS who suffered from a physiological disease that affected more than one of the body systems enumerated in FEHA and a mental disability that limited his major life activities, including but not limited to his ability to work.  This qualified PLAINTIFF as a person experiencing a "disability" protected under FEHA. Gov. Code § 12926, subds. (j)(1), (m)(1).

54.     DEFENDANTS regarded and treated PLAINTIFF as having a disability after PLAINTIFF provided DEFENDANTS with medical documentation from his physicians regarding his medical condition and status updates regarding his medical leave.

///

55.     As alleged above, PLAINTIFF sought accommodation for his physical and/or mental conditions that limited his ability to work. Reasonable accommodations could have been made to allow PLAINTIFF to continue his employment with DEFENDANTS. These reasonable accommodations could have included, but were not limited to, reassigning PLAINTIFF to a vacant position when he returned from medical leave.

56.     DEFENDANTS failed to provide PLAINTIFF with a reasonable accommodation, and instead refused to allow him to return to work and terminated his employment.

57.     PLAINTIFF is informed and believes that his employment was terminated because: (1) PLAINTIFF had a physical and/or mental disability; and (2) PLAINTIFF requested reasonable accommodations to allow him to continue his employment with DEFENDANTS.

58.     As a direct, foreseeable, and proximate result of the DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

59.     As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial. PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

60.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, financial distress, physical harm, and emotional distress, the precise amount of which will be proven at trial.

61.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

62.     The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

1  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety

2  of PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized,

3  condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled

4  to an award of punitive damages against DEFENDANTS.

### FOURTH CAUSE OF ACTION

### RETALIATION

### (Against WESTROCK and Does 1 through 30)

63.    PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

64.    At all times herein mentioned California Government Code section 12940, *et seq.* were in full force and effect and were binding on DEFENDANTS. Under the FEHA, California Government Code section 12940, *et seq.*, it is unlawful to "retaliate or otherwise discriminate against a person for requesting accommodation . . . regardless of whether the request was granted." Gov. Code § 12940, subd. (m)(2). Under California Government Code section 12940, subdivision (h), it is illegal for "an employer or person to discharge, expel, or otherwise discriminate against any person because the person has opposed practices forbidden under this part ..." Further, California Government Code section 12945.2, subdivision (*l*)(1) makes it unlawful to retaliate against an employee for exercising their right to leave under FEHA.

65.    DEFENDANTS violated FEHA in that they discriminated against PLAINTIFF and eventually terminated him in retaliation for him opposing practices forbidden by FEHA and exercising his disability and medical leave rights.

66.    PLAINTIFF engaged in protected activity, including making complaints about DEFENDANTS' discrimination and retaliation, taking time off from work for a protected medical leave, and requesting reasonable accommodations from DEFENDANTS for his physical and/or mental conditions that limited his ability to work.

67.    As alleged above, PLAINTIFF sought accommodations for his physical and/or mental conditions that limited his ability to work. PLAINTIFF requested a medical leave in order to take time to recuperate and heal from his disabilities and PLANTIFF requested to return to work at the completion of his medical leave. Reasonable accommodations could have been made

to allow PLAINTIFF to continue his employment with DEFENDANTS.  These reasonable accommodations could have included, but were not limited to, reassigning PLAINTIFF to a vacant position when he returned from medical leave.

68.     PLAINTIFF is informed and believes that DEFENDANTS retaliated against him and terminated his employment because PLAINTIFF made complaints about DEFENDANTS' discrimination and retaliation, PLAINTIFF took medical leave for his mental and physical disability, and PLAINTIFF requested reasonable accommodations on account of his physical and/or mental disability to allow him to continue his employment with DEFENDANTS.

69.     PLAINTIFF's complaints about DEFENDANTS' discrimination and retaliation, his protected medical leave, and his requests to DEFENDANTS for reasonable accommodations on account of his physical and/or mental disabilities were substantial motivating reasons for DEFENDANTS' decision to terminate PLAINTIFF's employment.  DEFENDANTS' wrongful termination of PLAINTIFF's employment constitutes a violation of Government Code sections 12940, subdivisions (h), (m)(2) and 12945.2, subdivision (*l*)(1).

70.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

71.     As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

72.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, physical pain, financial distress, and emotional distress, the precise amount of which will be proven at trial.

73.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

74. The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to an award of punitive damages against DEFENDANTS.

75. PLAINTIFF has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

## FIFTH CAUSE OF ACTION

### RACE DISCRIMINATION AND HARASSMENT

### (Against WESTROCK and Does 1 through 30)

76. PLAINTIFF alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully alleged herein.

77. At all times mentioned herein, California Government Code section 12940, *et seq.* were in full force and effect and were binding on DEFENDANTS. Under FEHA, California Government Code section 12940, subdivision (a), it is an unlawful employment practice for an employer because of the race of a person to terminate said person or discriminate against them in terms, conditions, or privileges of employment. It is also an unlawful employment practice for an employer to harass an employee because of an employee's race. Gov. Code § 12940, subd. (j).

78. At all relevant times herein, PLAINTIFF was an African-American man and a member of a protected group. PLAINTIFF's race was a contributing and substantial factor in causing DEFENDANTS to treat him differently in the terms and conditions of his employment.

///
///
///
///

79.     From the time that Mr. Collister became the General Manager of PLAINTIFF's facility, PLAINTIFF was subjected to a barrage of discriminatory and harassing actions on the basis of his race. These included, but were not limited to:

(a)     Mr. Collister preventing PLAINTIFF from using a specific men's restroom even though other non-African-American employees and third-party contractors were able to use the specific men's restroom;

(b)     Mr. Collister restricting PLAINTIFF's use of work resources (e.g., printers) at the workplace; and,

(c)     Mr. Collister intentionally sabotaging PLAINTIFF's work performance by misdirecting PLAINTIFF's team members against PLAINTIFF's instruction so as to create distrust between PLAINTIFF's team and interrupt shipments to his customers.

80.     Additionally, based on information and belief, during PLAINTIFF's employment, Mr. Collister never prohibited any non-African-American employees from using any of WESTROCK's men's restroom.  Mr. Collister also never took away resources (e.g., printer) that were necessary to perform the job from non-African-American employees.  Despite PLAINTIFF's complaints to WESTROCK regarding the above-mentioned conduct, WESTROCK never stopped Mr. Collister from discriminating against PLAINTIFF in the conditions of his employment.

81.     In the past, other non-African-American employees who made complaints about discrimination and retaliation, were not terminated by DEFENDANTS.  As such, DEFENDANTS discharged and/or disciplined African-Americans with greater frequency and more severity than non-African-American employees.  For these reasons, PLAINTIFF believes that DEFENDANTS unlawfully terminated him because of DEFENDANTS' racial animus towards African Americans.  Thus, DEFENDANTS intentionally and unlawfully discriminated against PLAINTIFF based on his race.

///

///

///

///

16

COMPLAINT FOR DAMAGES

82.   Further, as set forth above, DEFENDANTS unlawfully discriminated against PLAINTIFF because of his race and/or other protected characteristics by subjecting him to adverse employment actions, including but not limited to the following:

(a)   by making discriminatory comments to PLAINTIFF;

(b)   failing to take all reasonable steps to prevent discrimination and harassment based on race and/or other protected characteristics; and,

(c)   discontinuing PLAINTIFF's position in order to unlawfully terminate his employment.

83.   DEFENDANTS' acts created an intimidating, oppressive, hostile, offensive and abusive work environment, which altered and impaired PLAINTIFF's employment and emotional well-being.

84.   PLAINTIFF was deeply upset by DEFENDANTS' race-discriminatory and harassing conduct and considered his work environment to be intimidating, hostile and/or abusive. PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS failed to conduct a reasonable and good faith investigation of PLAINTIFF's complaints and failed to take reasonable action to prevent further discrimination and harassment from occurring. As a result, the discrimination and harassment of PLAINTIFF continued through the end of his employment.

85.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

86.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, physical pain, financial distress, and emotional distress, the precise amount of which will be proven at trial.

87.   As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to

COMPLAINT FOR DAMAGES

continue to incur attorneys' fees and costs in connection therewith.  PLAINTIFF is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

88.     The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF.   DEFENDANTS and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of punitive damages against DEFENDANTS.

<u>**SIXTH CAUSE OF ACTION**</u>

**AGE DISCRIMINATION**

**(Against WESTROCK and Does 1 through 30)**

89.     PLAINTIFF alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully alleged herein.

90.     At all times mentioned herein, California Government Code section 12940, *et seq.*, were in full force and effect and were binding on DEFENDANTS.  Under FEHA, California Government Code section 12940, *et seq.,* it is an unlawful employment practice for an employer because of the age of a person to terminate said person or discriminate against them in terms, conditions, or privileges of employment.

91.     At all times mentioned herein, PLAINTIFF was over the age of 40 years old and was a qualified employee that was extremely knowledgeable in the performance of his job duties when he was terminated by DEFENDANTS; and, as such, was a member of a protected class pursuant to Government Code section 12940, *et seq.*  In addition, at all times mentioned herein, PLAINTIFF was more than qualified for his position and a loyal employee of DEFENDANTS for approximately 26 years.

92.     During PLAINTIFF's employment with DEFENDANTS, DEFENDANTS, through their supervisors and/or agents, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old.

///

///

93.     As set forth above, DEFENDANTS unlawfully discriminated against PLAINTIFF because of his age and/or other protected characteristics by subjecting him to adverse employment actions, including but not limited to the following:

(a)     by making discriminatory comments to PLAINTIFF such as, "you have been around too long";

(b)     harassing PLAINTIFF and/or creating a hostile work environment, in whole or in part on the basis of PLAINTIFF's age and/or other protected characteristics;

(c)     failing to take all reasonable steps to prevent discrimination and harassment based on age and/or other protected characteristics; and,

(d)     discontinuing PLAINTIFF's position in order to unlawfully terminate his employment.

94.     PLAINTIFF's age was a substantial motivating factor for DEFENDANTS' decision to subject PLAINTIFF to the aforementioned adverse employment actions.

95.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

96.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, physical pain, financial distress, and emotional distress, the precise amount of which will be proven at trial.

97.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  PLAINTIFF is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

98.     The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF.   DEFENDANTS and their agents/employees or supervisors, authorized,

1   condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled

2   to an award of punitive damages against DEFENDANTS.

3   <u>**SEVENTH CAUSE OF ACTION**</u>

4   **FAILURE TO PREVENT DISCRIMINATION/RETALIATION**

5   **(Against WESTROCK and Does 1 through 30)**

6       99.     PLAINTIFF alleges and incorporates by reference each of the foregoing

7   paragraphs of this Complaint as if fully alleged herein.

8       100.    At all times mentioned herein, California Government Code section 12940, *et*

9   *seq.*, including but not limited to section 12940, subdivision (k), were in full force and effect and

10  were binding upon DEFENDANTS.  These sections impose on an employer a duty to take

11  immediate and appropriate corrective action to end discrimination and take all reasonable steps

    necessary to prevent discrimination/retaliation from occurring, among other things.

12      101.    During the course of PLAINTIFF's employment with DEFENDANTS,

13  PLAINTIFF suffered from a physiological disease that affected more than one of the body

14  systems enumerated in FEHA and a mental disability that limited his major life activities,

15  including but not limited to his ability to work.  DEFENDANTS regarded and treated

16  PLAINTIFF as having a disability after PLAINTIFF provided DEFENDANTS with medical

17  documentation from his physicians regarding his medical condition and status updates regarding

18  his medical leave.

19      102.    PLAINTIFF was subject to discrimination on the basis of: (1) his physical and

20  mental disability; (2) his complaints about DEFENDANTS' unlawful workplace discrimination,

21  harassment and retaliation; (3) his race; and, (4) his age.

22      103.    Additionally, PLAINTIFF is informed and believes that DEFENDANTS

23  discriminated against him in violation of the California Government Code sections set forth

24  herein by: (1) refusing to engage in a timely, good faith, interactive process with PLAINTIFF to

25  determine effective reasonable accommodations to allow him to continue his employment with

26  DEFENDANTS; and (2) terminating PLAINTIFF's employment while he was on medical leave.

27  ///

28  ///

104.   DEFENDANTS failed to take all reasonable steps necessary to prevent discrimination against PLAINTIFF based on his physical and mental disability, his complaints about DEFENDANTS' unlawful workplace discrimination and retaliation, and his race and age.

105.   DEFENDANTS' failure to take all reasonable steps necessary to prevent discrimination/retaliation was a contributing and substantial factor in causing PLAINTIFF's harm and a violation of California Government Code section 12940, subdivision (k).

106.   Additionally, the California Code of Regulations provides that an employer must develop a discrimination prevention policy which states that an employer "will conduct a fair, timely, and thorough investigation" when it receives an allegation of misconduct.   Cal. Code Regs. tit. 2, section 11023(b).

107.   PLAINTIFF made verbal and written complaints to DEFENDANTS, in which he explained that he felt like he was being harassed and discriminated against for being a 46-year-old African-American man and for subsequently complaining about the harassment and discrimination. DEFENDANTS failed to conduct an investigation into PLAINTIFF's allegations of misconduct and as a result failed to prevent discrimination and retaliation against PLAINTIFF from occurring.

108.   Furthermore, DEFENDANTS failed to implement adequate training, policies or instructions that would have prevented the aforementioned discrimination against employees having engaged in protected activity.

109.   As a result of the failure of DEFENDANTS to prevent discrimination and retaliation, PLAINTIFF suffered adverse employment actions and was wrongfully terminated.

110.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

111.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, physical pain, financial distress, and emotional distress, the precise amount of which will be proven at trial.

112.    As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  PLAINTIFF is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

113.    The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of punitive damages against DEFENDANTS.

## EIGTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against WESTROCK and Does 1 through 30)

114.    PLAINTIFF alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully alleged herein.

115.    At all times herein mentioned, California Constitution (Art. I, section 8) and FEHA (California Government Code section 12900, *et seq*.), were in full force and effect and were binding on DEFENDANTS.  The above-described conduct by DEFENDANTS was against the public policy of the State of California as evidenced by Article 1, Section 1 of the California Constitution and the enactment of FEHA.  These laws inure to the benefit of the public at large, and not just the private interests of the employers and employees whom they govern or protect.

116.    Under California law, disciplining an employee because of his disability, age, and/or race, and terminating an employee in retaliation for exercising FEHA rights constitutes a wrongful discharge in violation of public policy.

117.    DEFENDANTS terminated PLAINTIFF due to his: (1) physical and mental disability; (2) complaints about DEFENDANTS' unlawful workplace discrimination, harassment and retaliation; (3) race; and, (4) age.

118.    Additionally, PLAINTIFF is informed and believes that DEFENDANTS discriminated against him in violation of the California Government Code sections set forth

22

herein by: (1) refusing to engage in a timely, good faith, interactive process with PLAINTIFF to determine effective reasonable accommodations to allow him to continue his employment with DEFENDANTS; and (2) terminating PLAINTIFF's employment while he was on medical leave. Accordingly, DEFENDANTS terminated PLAINTIFF in violation of the public policy set forth in the FEHA.

119.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

120.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, physical pain, financial distress, and emotional distress, the precise amount of which will be proven at trial.

121.   The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF.   DEFENDANTS and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of punitive damages against DEFENDANTS.

## NINTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS EXPENSES

### (Against WESTROCK and Does 1 through 30)

122.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

123.   California Labor Code section 2802 requires DEFENDANTS to indemnify its employees for all expenses that the employees necessarily expend as a direct result of discharge of their employment duties or at the direction of the employer.

124.   PLAINTIFF was required to furnish his own: personal cell phone; voice, data, and internet plans; and, vehicle in order to service WESTROCK's customers, manage

23

shipments/inventory, and communicate with DEFENDANTS to discuss business operations. These expenses were necessarily incurred by PLAINTIFF in the discharge of his duties. During PLAINTIFF's employment, DEFENDANTS had a policy and practice of not reimbursing PLAINTIFF for the expense of using the above-mentioned tools.

125.    As a proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered monetary loss and been deprived of his property in the form of unreimbursed expenses in an amount according to proof.

126.    WHEREFORE, PLAINTIFF is entitled to recover the costs of the business expenses and attorneys' fees, costs, and interest pursuant to California Labor Code sections 218.5, 218.6, and 2802, subdivision (c), for pursuit of this action.

## TENTH CAUSE OF ACTION

### FAILURE TO PAY VESTED VACATION WAGES

### (Against WESTROCK and Does 1 through 30)

127.    PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

128.    Pursuant to California Labor Code section 227.3, PLAINTIFF was entitled upon termination to payment of vacation that had vested prior to termination.

129.    DEFENDANTS failed to pay PLAINTIFF all vacation that had vested prior to termination in accordance with Labor Code section 227.3.

130.    As a result of DEFENDANTS' conduct, PLAINTIFF has suffered damages, in an amount subject to proof, to the extent he was not paid for all vacation that had vested prior to termination in violation of Labor Code section 227.3.

131.    Pursuant to Labor Code sections 218.5 and 218.6, PLAINTIFF is entitled to recover the full amount of his unpaid vacation, pre-judgment interest, reasonable attorneys' fees and costs of suit.

///
///
///
///

## ELEVENTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES

### (Against WESTROCK and Does 1 through 30)

132.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

133.   California Labor Code section 201, subdivision (a) provides, in pertinent part:

"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

134.   California Labor Code section 202, subdivision (a), provides, in pertinent part:

"If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72- hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

135.   DEFENDANTS willfully failed to timely pay PLAINTIFF at the time he was terminated.  As a result, DEFENDANTS violated California Labor Code sections 201, 201.3, and/or 202.

136.   California Labor Code section 203 states:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore

is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose."

137.   As noted above, DEFENDANTS violated California Labor Code sections 201, 201.3 and/or 202 by failing to pay PLAINTIFF all of the wages due at termination pursuant to the timelines provided in those sections.   DEFENDANTS terminated PLAINTIFF on June 3, 2021, but did not pay him all of his wages, including, but not limited to vested vacation wages, at the time of his termination.

138.   PLAINTIFF was entitled to timely compensation for all forms of wages earned. DEFENDANTS failed to provide PLAINTIFF with all his earned wages at the time of termination, thus entitling PLAINTIFF to penalties under California Labor Code section 203.

139.   More than 30 days passed between the time PLAINTIFF left DEFENDANTS' employ and the time he received all his earned wages, in violation of California Labor Code sections 201, 201.3, 202 and/or 203.   As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, PLAINTIFF is entitled to thirty days of wages as a premium wage under California Labor Code section 203.

140.   PLAINTIFF is entitled to California Labor Code sections 203 penalties in amounts to be determined at trial.   DEFENDANTS are further liable for reasonable attorneys' fees and costs of suit pursuant to California Labor Code section 218.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LOWRY MCCRAY prays for judgment against DEFENDANTS, and each of them, as follows:

1.   For general damages, according to proof on each cause of action for which such damages are available;

2.   For special damages, according to proof on each cause of action for which such damages are available;

3.   For compensatory damages, according to proof on each cause of action for which such damages are available;

26

4.    For punitive damages, according to proof on each cause of action for which such damages are available;

5.    For reimbursement of all business expenses necessarily incurred in the discharge of Plaintiff's duties pursuant to Labor Code section 2802;

6.    All unpaid vested vacation wages due under Labor Code section 227.3;

7.    For penalties pursuant to Labor Code section 203;

8.    For prejudgment and post-judgment interest according to law;

9.    For reasonable attorneys' fees incurred in this action on those causes of action for which such fess are recoverable under the law;

10.    For costs of suit incurred in this action; and,

11.    For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff LOWRY MCCRAY hereby demands trial of this matter by jury.

DATE: November 19, 2021                        **BERENJI LAW FIRM, APC**

By: _____
SHADIE L. BERENJI
DAVID C. HOPPER
AMIEL A. AZIZOLLAHI
Attorneys for Plaintiff
LOWRY MCCRAY

27
COMPLAINT FOR DAMAGES

21STCV42782

Electronically FILED by Superior Court of California, County of Los Angeles on 11/19/2021 12:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Flores-Hernandez, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Shadie L. Berenji (SBN 235021)<br>Berenji Law Firm, APC<br>8383 Wilshire Blvd., Suite 708, Beverly Hills, CA 90211 | |

TELEPHONE NO.: (310) 855-3270   FAX NO. *(Optional)*: (310) 855-3751
ATTORNEY FOR *(Name)*: LOWRY MCCRAY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk - Central

CASE NAME:
LOWRY MCCRAY v. WESTROCK SERVICES, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br><br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | 21STCV42782 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify)*: Eleven (11)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 19, 2021

Shadie L. Berenji
_____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: MCCRAY v. WESTROCK SERVICES, et al. | CASE NUMBER: 21STCV42782 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: MCCRAY v. WESTROCK SERVICES, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, ②, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, ②, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: MCCRAY v. WESTROCK SERVICES, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160   Abstract of Judgment | 2, 6 |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2, 3, 9 |
| | | ☐ A6123   Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190   Election Contest | 2 |
| | | ☐ A6110   Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100   Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: MCCRAY v. WESTROCK SERVICES, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>8383 Wilshire Blvd., Suite 708 |
|---|---|
| CITY:<br>Beverly Hills | STATE: CA  ZIP CODE: 90211 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 19, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

[ Clear ]

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/19/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: H. Flores-Hernandez, Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV42782 |

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Teresa A. Beaudet | 50 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/22/2021
 (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By H. Flores-Hernandez, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Evelia Nava

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL. )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

  a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

  b) **"EFiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

  c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

  d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

1    e) "**Electronic Filing Service Provider**" An Electronic Filing Service Provider (EFSP) is a

2    person or entity that receives an electronic filing from a party for retransmission to the Court.

3    In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4    agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

5    f) "**Electronic Signature**" For purposes of these local rules and in conformity with Code of

6    Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7    (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8    2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9    process attached to or logically associated with an electronic record and executed or adopted

10    by a person with the intent to sign the electronic record.

11    g) "**Hyperlink**" An electronic link providing direct access from one distinctively marked place

12    in a hypertext or hypermedia document to another in the same or different document.

13    h) "**Portable Document Format**" A digital document format that preserves all fonts,

14    formatting, colors and graphics of the original source document, regardless of the application

15    platform used.

16  **2) MANDATORY ELECTRONIC FILING**

17    a) Trial Court Records

18    Pursuant to Government Code section 68150, trial court records may be created, maintained,

19    and preserved in electronic format. Any document that the Court receives electronically must

20    be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21    official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22    b) Represented Litigants

23    Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24    electronically file documents with the Court through an approved EFSP.

25    c) Public Notice

26    The Court has issued a Public Notice with effective dates the Court required parties to

27    electronically file documents through one or more approved EFSPs. Public Notices containing

28    effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) **Documents in Related Cases**

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)   Bonds/Undertaking documents;

   iii)  Trial and Evidentiary Hearing Exhibits

   iv)   Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)    Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) **Lodgments**

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

b) **Writs and Abstracts**

Writs and Abstracts must be submitted as a separate electronic envelope.

i) **Sealed Documents**

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) **Redaction**

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) **ELECTRONIC FILING SCHEDULE**

a) **Filed Date**

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) **EX PARTE APPLICATIONS**

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

5

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

    a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

    b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

        i)    Any printed document required pursuant to a Standing or General Order;

        ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

        iii)    Pleadings and motions that include points and authorities;

        iv)    Demurrers;

        v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

        vi)    Motions for Summary Judgment/Adjudication; and

        vii)    Motions to Compel Further Discovery.

    c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

    a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

    b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1)  SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

7

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles



Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STIPULATION – DISCOVERY RESOLUTION

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| | |
|---|---|
| COURT DATE | CASE NUMBER |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

&gt; _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

&gt; _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

&gt; _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

&gt; _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

&gt; _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

&gt; _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

&gt; _____
(ATTORNEY FOR _____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY

FOR COURT USE ONLY

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE | CASE NUMBER |
| --- | --- |
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

_____        ▶ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
| --- | --- |

1. **This document relates to:**
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. **Deadline for Court to decide on Request:** _____ (insert date 10 calendar days following filing of the Request).

3. **Deadline for Court to hold Informal Discovery Conference:** _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference,** <u>briefly</u> **describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference,** <u>briefly</u> **describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| | |
|---|---|
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use
   **STIPULATION AND ORDER – MOTIONS IN LIMINE**
   Page 1 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____
      (TYPE OR PRINT NAME)

Date: _____
      (TYPE OR PRINT NAME)

Date: _____
      (TYPE OR PRINT NAME)

Date: _____
      (TYPE OR PRINT NAME)

Date: _____
      (TYPE OR PRINT NAME)

Date: _____
      (TYPE OR PRINT NAME)

Date: _____
      (TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR _____)

> _____
> (ATTORNEY FOR _____)

> _____
> (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion. They may** offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2021 04:10 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Love,Deputy Clerk

LINH T. HUA  (SBN:  247419)
lhua@grsm.com
WANJA S. GUY  (SBN: 275734)
wguy@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone:  (213) 270-7851
Facsimile:  (213) 680-4470

Attorneys for Defendant
WESTROCK SERVICES, LLC

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LOWRY MCCRAY, an individual | CASE NO.  21STCV42782 |
| Plaintiff, | Assigned for All Purposes to: Judge Teresa A. Beaudet Dept: 50 |
| vs. | |
| WESTROCK SERVICES, LLC, a California limited liability company; and Does 1 through 30, inclusive, | **DEFENDANT WESTROCK SERVICES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| Defendants. | |
| | Complaint filed: 11/19/2021 |

Defendant WESTROCK SERVICES, LLC ("Defendant"), for itself alone, and in answer to Plaintiff LOWRY MCCRAY's ("Plaintiff") unverified Complaint, hereby pleads:

## **GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30, Defendant generally and specifically denies each and every allegation of Plaintiff's Complaint, and further denies that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission of this answering Defendant.

///

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**AFFIRMATIVE DEFENSES**

Defendant, through its attorneys, asserts against Plaintiff the following separate and distinct affirmative defenses, the applicability of which will be determined through the course of investigation and discovery:

**FIRST AFFIRMATIVE DEFENSE**

**(No Cause of Action)**

1.      For a first, separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein as alleged against Defendant, fails to state facts sufficient to constitute any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Workers' Compensation Exclusivity)**

2.      For a second, separate and distinct affirmative defense, Defendant alleges that any and all claims by Plaintiff for damages for emotional, mental and/or physical distress or injury, are preempted by the Workers' Compensation Act, California Labor Code sections 3200 *et seq.*, as the alleged injuries arose as a result of and in the course and scope of his employment.  This Court lacks subject matter jurisdiction over Plaintiff's claims and/or lacks the power to grant certain remedies which are within the exclusive province of the Workers' Compensation Appeals Board.

**THIRD AFFIRMATIVE DEFENSE**

**(Managerial Discretion)**

3.      For a third, separate and distinct affirmative defense, Defendant alleges that any and all decisions made and actions taken by and/or on behalf of Defendant were made and taken in the exercise of proper managerial discretion and in good faith.

**FOURTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Reasons)**

4.      For a fourth, separate and distinct affirmative defense, Defendant alleges that any and all decisions made and actions taken by and/or on behalf of Defendant were based upon lawful, valid, non-discriminatory, and non-retaliatory business reasons.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## FIFTH AFFIRMATIVE DEFENSE

### (Privilege)

5.      For a fifth, separate and distinct affirmative defense, Defendant alleges that any and all acts, conduct or statements by and/or attributed to Defendant were justified, undertaken in good faith and/or privileged.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6.      For a sixth, separate and distinct affirmative defense, Defendant alleges that any damages otherwise recoverable by Plaintiff are barred and/or limited by Plaintiff's failure to exercise reasonable diligence in attempting to mitigate his alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.      For a seventh, separate and distinct affirmative defense, Defendant alleges upon information and belief that Plaintiff is barred by the doctrine of unclean hands from maintaining this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Laches)

8.      For an eighth, separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from obtaining the relief sought, or pursuing any of the claims raised or causes of action contained in his Complaint, under the doctrines of waiver, estoppel and laches by virtue of his acts, failures to act, conduct, representations, admissions, and the like.

## NINTH AFFIRMATIVE DEFENSE

### (Justified Conduct)

9.      For a ninth, separate and distinct affirmative defense, Defendant alleges that, with respect to the matters alleged in the Complaint, and each and every purported cause of action contained therein, Defendant's conduct was justified, and, by reason of the foregoing, Plaintiff is barred from any recovery against Defendant.

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**TENTH AFFIRMATIVE DEFENSE**

**(Compliance with Laws)**

10.     For a tenth, separate and distinct affirmative defense, Defendant alleges that it has complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint, and each and every purported cause of action contained therein, and is therefore not liable to Plaintiff for any damages he may have sustained, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Protection of Economic Interest)**

11.     For an eleventh, separate and distinct affirmative defense, Defendant alleges that its conduct was privileged and that Defendant was free to pursue its own economic interest, in good faith, even though emotional distress was substantially certain to result.

**TWELFTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence Doctrine)**

12.     For a twelfth, separate and distinct affirmative defense, Defendant alleges upon information and belief that after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on his claims, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Qualifications)**

13.     For a thirteenth, separate and distinct affirmative defense, Defendant alleges that its decisions with respect to Plaintiff's employment were justified based upon its judgment of differences in individual performance, qualifications, skill, effort, experience, responsibility, merit, seniority, and/or other bona fide qualification.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Conduct)**

14.     For a fourteenth, separate and distinct affirmative defense, Defendant alleges that all acts done by it were performed fairly, in good faith, and for a lawful purpose, and Defendant's conduct was in compliance with its obligations under applicable law.

/ / /

-4-

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Others)**

15.     For a fifteenth, separate and distinct affirmative defense, Defendant alleges that if Plaintiff was injured as alleged in the Complaint, he was injured by acts or omissions of persons or organizations other than Defendant, who were neither under the control of, nor in the employ of, Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Mixed Motive)**

16.     For a sixteenth, separate and distinct affirmative defense, Defendant alleges, without admitting any such discrimination occurred, that Defendant would have made the same decisions with respect to Plaintiff's employment absent any alleged discrimination by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

17.     For a seventeenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred as he has failed to exhaust administrative remedies pursuant to California Government Code sections 12960, 12965 and all other applicable laws.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

18.     For an eighteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred by the applicable statute of limitations contained in California Code of Civil Procedure §§ 337, 338, 339, and 343; California Labor Code §§ 226.7, 1197.5, 2802, and any other applicable statutes of limitations.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation Provided)**

19.     For a nineteenth, separate and distinct affirmative defense, Defendant alleges that it provided reasonable accommodations to Plaintiff to the extent that one was requested.

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-5-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Reasonable Accommodation Request/Reasonable Accommodation Rejected)

20.     For a twentieth, separate and distinct affirmative defense, Defendant alleges that the relief prayed for in the Complaint is barred because Plaintiff never requested a "reasonable accommodation" as defined under the FEHA, Government Code § 12926(n).  Additionally, to the extent Plaintiff alleges he sought reasonable accommodations, those were not reasonable accommodations, because, for example, they would have constituted fundamental alterations and/or Plaintiff rejected Defendant's offer of reasonable accommodation to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Undue Hardship)

21.     For a twenty-first, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims of disability discrimination are barred because it would be an undue hardship to provide Plaintiff with any accommodation under the circumstances presented by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not a Qualified Individual)

22.     For a twenty-second, separate and distinct affirmative defense, Defendant alleges that Plaintiff is not a qualified individual with a disability or handicap as defined by the Fair Employment Housing Act, the Disabled Persons Act, the Americans with Disabilities Act, the Rehabilitation Act and/or the Unruh Civil Rights Act and applicable state or federal regulations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Inability to Perform Essential Functions)

23.     For a twenty-third, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims of disability discrimination are barred because Plaintiff was not able to perform the essential functions of the position or of any open position for which Plaintiff was qualified with or without reasonable accommodation.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

24.    For a twenty-fourth, separate and distinct affirmative defense, Defendant exercised reasonable care to prevent and correct any behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities, including but not limited to, using the complaint procedure provided by Defendant that would otherwise have prevented some or all of Plaintiff's alleged harm.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Remedial Measures)

25.    For a twenty-fifth, separate and distinct affirmative defense, Defendant alleges that there were policies and procedures in effect regarding the prohibition, reporting, and remediation of all types of harassment, discrimination, and retaliation, whether on the basis of disability discrimination, CFRA leave, or otherwise.  Plaintiff was aware of these policies and procedures.  Defendant exercised reasonable care to prevent and promptly correct any discrimination, harassment, and/or retaliation, and Plaintiff unreasonably failed either to take advantage of preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.  To the extent Plaintiff alleges that he availed himself of Defendant's reporting or complaint procedures, any such report or complaint was promptly and adequately investigated and appropriate remedial measures were taken, if applicable.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Variance to Allegations)

26.    For a twenty-sixth, separate and affirmative defense, Defendant alleges that Plaintiff's claims under the California Department Fair Employment and Housing Act are barred to the extent they vary from the allegations of the administrative charge filed with the appropriate agency.

/ / /

/ / /

/ / /

-7-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Right to Set Off)

27.    For a twenty-seventh, separate and affirmative defense, Defendant alleges that it is entitled to a setoff for amounts Plaintiff owes Defendant for receipt of any wages and other benefits to which he was not entitled and/or did not earn.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Receipt of All Sums and Benefits)

28.    For a twenty-eighth, separate and affirmative defense, Defendant alleges that Plaintiff has been timely paid and/or received all sums, wages, and benefits by virtue of Plaintiff's employment, and therefore Defendant is released from any and all continuing obligations to him.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Interactive Process)

29.    For a twenty-ninth, separate and affirmative defense, Defendant alleges that it engaged in timely, good faith, interactive process with Plaintiff.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Public Policy Violation)

30.    For a thirtieth, separate and affirmative defense, Defendant alleges that no employment decisions made regarding Plaintiff violated any well-defined public policy embodied in a constitution, statute or regulation.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (At-Will Employee)

31.    For a thirty-first, separate and affirmative defense, Defendant alleges that at all relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with or without notice.

/ / /

/ / /

/ / /

-8-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Compensation Based On Good Faith)

32.     For a thirty-second, separate and affirmative defense, Defendant alleges its compensation of Plaintiff has been based upon a good faith belief that Defendant's pay practices are in conformity with both federal and state wage laws.  Defendant alleges it did not willfully and/or intentionally fail to pay wages to Plaintiff.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Wrongful Acts Committed by Officers, Managing Agents, and/or Supervisors)

33.     For a thirty-third, separate and affirmative defense, Defendant alleges that the Complaint is barred because none of the purported wrongful conduct was committed by officers, managing agents, and/or supervisors.  No officers, managing agents, and/or supervisors had knowledge of the alleged misconduct, nor did any officer, managing agents, and/or supervisors ratify or authorize the alleged misconduct.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages/No Oppression, Fraud or Malice)

34.     For a thirty-fourth, separate and affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein as alleged against Defendant, fails to state facts sufficient to state a claim for punitive damages against Defendant.  Defendant alleges that Plaintiff is not entitled to recover punitive damages because he has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice as required by California Civil Code § 3294.  Further, Defendant committed no oppressive, fraudulent or malicious acts with respect to Plaintiff, did not engage in despicable conduct with respect to Plaintiff, nor did Defendant, authorize or ratify any such acts.

/ / /

/ / /

/ / /

/ / /

/ / /

-9-

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

35.     For a thirty-fifth, separate and affirmative defense, Defendant alleges that it may have other, separate, and additional defenses of which it is not presently aware, and hereby reserves the right to assert them by amendment to this answer, as allowed and permitted under California law.


Dated: December 21, 2021          GORDON REES SCULLY MANSUKHANI, LLP

                                  By: _____
                                      Linh T. Hua
                                      Wanja S. Guy
                                      Attorneys for Defendant
                                      WESTROCK SERVICES, LLC

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-10-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**PROOF OF SERVICE**

*Lowry McCray v Westrock Services, LLC*
Los Angeles Superior Court Case No. 21STCV42782

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 633 West Fifth Street, 52nd floor, Los Angeles, CA 90071. On **December 21, 2021,** I served the within documents:

**DEFENDANT WESTROCK SERVICES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒ *By U.S. Mail.* By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed to the person(s) at the address(es) set forth below as part of the ordinary business practices of Gordon Rees Scully Mansukhani LLP.

☒ *By Electronic Mail Service* (C.C.P. 1010.6). By transmitting a true and correct copy of the documents via electronic mail in .pdf format as an email attachment to each addressee(s) email address(es) which is the last known email(s) provided. The transmission was complete and confirmed. A copy of the transmittal e-mail will be maintained with the original document(s) in my office.

| | |
|---|---|
| Shadie L. Berenji<br>David C. Hopper<br>Amiel A. Azizollahi<br>**Berenji Law Firm, APC**<br>8383 Wilshire Boulevard, Suite 708<br>Beverly Hills, CA 90211<br>Tel: (310) 855-3270 / Fax: (310) 855-3751<br>Email: berenji@employeejustice.law;<br>hopper@employeejustice.law;<br>azizollahi@employeejustice.law | *Attorneys for Plaintiff*<br>Lowry McCray |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **December 21, 2021** at Los Angeles, California.

_____
Martha C. Flores